## Faulkner, et al. v. Morehead & N. F. Railway Company.

(Decided May 20, 1927.)

### Appeal from Rowan Circuit Court.

1. Master and Servant.—Where judgment set aside award of compensation and remanded case, with directions to hear further proof on application by either party, and thereafter employee applied for second hearing and award entered on this hearing was subsequently set aside by a second judgment, appeal from latter judgment taken in time might not be dismissed, though time for taking appeal from first judgment had expired.

2. Master and Servant.—Employee who sustained sprained ankle might recover no further compensation, where permanent cure would have been effected at date of application for further compensation if he had given the ankle proper rest.

D. B. CAUDILL for appellants.

JAMES CLAY and E. HOGGE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant F. H. Faulkner, while employed by the appellee, received an injury on October 19, 1921, consisting of a sprained ankle, a ligament being torn loose from the bone.   He was taken to Morehead and treated by Dr. G. C. Nickell.   After treating him for about four months Dr. Nickell discharged him as cured.   He was paid compensation by the appellee for temporary total disability at the rate of $11.70 a week for 18 weeks, the payment being discontinued on February 28, 1922.

Faulkner, believing he was entitled to more compensation, filed claim therefor with the Workmen's Compensation Board, and the board, after the introduction of evidence by each party, awarded to Faulkner for permanent partial disability $1.71 per week for 335 weeks, less the number of weeks for which he had been paid for temporary total disability.

A number of physicians testified at the hearing before the board, and all of them stated in substance that, considering the nature of the claimant's injury, a permanent cure should have been effected in not to exceed eight weeks if he had received proper treatment and had not used the injured member.   There is no claim that he did not receive proper medical treatment, and he admits that he continued after the injury was received to use to some extent the injured member.   The railroad company having filed a petition for review in the Rowan circuit court, the circuit court found there was no competent evidence authorizing a finding that the claimant had suffered a permanent partial disability, and entered a judgment on January 17, 1923, setting aside the award of the board and remanding the case, with directions that upon reasonable application by either party further proof might be heard.

A second hearing was had before the board and the physicians who testified on the first hearing again testified to substantially the same effect.   In addition to these physicians, Dr. T. A. E. Evans was introduced as a witness for the claimant and testified that he had examined him for the first time nearly two years after the injury had been received and that he found the ligament which had been torn loose causing the sprain had not grown back to the bone, causing a disability to exist at the time of the examination made by him.   The witness stated that, if Faulkner had followed proper medical advice and

had rested his foot and put no weight on it, a permanent cure should have been effected in about eight weeks. On the second hearing the Compensation Board made an award substantially the same as the one made at the first hearing, and the company again filed a petition for review in the Rowan circuit court. The circuit court again found that there was no competent evidence authorizing a finding that the claimant had suffered permanent partial disability and entered a judgment setting aside the award, and from that judgment this appeal is prosecuted.

The appellee has filed a motion to dismiss the appeal on the ground that an appeal should have been taken from the first judgment entered in the circuit court on January 17, 1923, and that the time for taking an appeal from that judgment has expired.

The second judgment was entered on October 10, 1924, and this appeal was taken on October 7, 1926. When the first judgment was entered in the circuit court the claimant had the option of taking an appeal therefrom or of making an application for another hearing before the Compensation Board and introducing further proof at such hearing. He elected to pursue the latter course, and, the appeal from the second judgment having been taken in time, the motion to dismiss it must be overruled.

On the merits of the case, however, we are constrained to concur in the views of the circuit court.

There is some evidence tending to show that appellant was malingering, but, without discussing that phase of the case and conceding that he was still partially disabled at the time of the second hearing before the board as a result of the injury received by him on October 19, 1921, all of the evidence is to the effect that a permanent cure would have been effected in less time than the period during which he was paid for temporary total disability had he received proper medical treatment and given his ankle proper rest. No claim is made that he did not receive proper medical treatment and advice, and the only conclusion that can be drawn from the evidence is that if he is now suffering any disability it is a result of his own lack of care. The employer should not be held liable for an injury so far as it is aggravated or rendered permanent by the acts of the injured employee, and the employee cannot recover compensation for an increase of disability due to his failure to use ordinary care to avoid aggravating the injury. Where the evidence shows, as

in this case, that by the date of the filing of the application for compensation the injured employee should have been permanently cured, and would have been if he had given his injured ankle proper rest, he is not entitled to compensation thereafter. It would be unfair to charge the employer with a disability prolonged by the disinclnation of the injured employee to make the cure complete. To hold otherwise would permit such employee to continue or even increase his disability by his willful and unreasonable conduct, and then claim compensation for his disability so caused.

Judgment affirmed.